IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:23-CR-00266- |
| § | ALM-AGD |
| MICHAEL DESHUN HOLLAND, JR. (1) § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Michael Deshun Holland, Jr.'s ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on April 12, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Douglas Schopmeyer of the Federal Public Defender's Office. The Government was represented by Chris Rapp.

Defendant was sentenced on June 5, 2017, before The Honorable Sam A. Lindsay of the Northern District of Texas after pleading guilty to the offenses of Count 1, Conspiracy to Interfere with Commerce by Robbery, a Class C felony, and Count 4, Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence, a Class A felony. Count 1 carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of I, was 87 to 108 months. Count 4 carried a statutory maximum imprisonment term of Life and must be imposed consecutive to any other counts. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of I, was a 10-year mandatory minimum term required by statute. He was subsequently sentenced to 100 months as to Count 1 and 120 months as to Count 4, to run consecutively, for a total term of 220 months imprisonment, followed by a 3 year term of

supervised release as to both counts to run concurrently subject to the standard conditions of release, plus special conditions to include substance use testing and treatment, mental health treatment, financial disclosure, $100 special assessment fee, and $715.00 in restitution.

On April 9, 2021, the sentence was amended to 108 months imprisonment followed by a 2-year term of supervised release, pursuant to the Defendant's Motion to Vacate, Set Aside, or Correct Sentence, with respect to Count 4 of the indictment, Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a crime of violence, 18 U.S.C. Section 924 (c)(1) (A) (iii). On June 9, 2023, Defendant completed his period of imprisonment and began service of the supervision term.

On April 26, 2023, jurisdiction of this case was transferred to the Eastern District of Texas, and the case was reassigned to The Honorable Amos L Mazzant III, U.S. District Judge for the Eastern District of Texas.

On December 13, 2023, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #2, Sealed).  The Petition asserts that Defendant violated the following conditions: (1) <u>Mandatory Condition</u>: Defendant must refrain from any unlawful use of a controlled substance; (2) <u>Standard Condition</u>: After initially reporting to the probation office, Defendant will receive instructions from the Court or the Probation Officer about how and when Defendant must report to the Probation Officer, and Defendant must report to the Probation Officer as instructed; (3) <u>Standard Condition</u>: Defendant must not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the Court or the Probation Officer; (4) <u>Standard Condition</u>: Defendant must follow the instructions of the Probation Officer related to the conditions of supervision; (5) <u>Special Condition</u>: Defendant shall participate in outpatient mental health treatment services as directed by the

Probation Officer until successfully discharged. The services may include medications prescribed by a licensed physician. Defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month; and (6) <u>Special Condition</u>: Defendant shall participate in an outpatient program approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. Defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. Defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month (Dkt. #2 at pp. 1–4, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On July 17, 2023, Defendant submitted a urine specimen at Addiction Recovery Center, Lewisville, Texas, which tested positive for marijuana and cocaine. He admitted verbally and in writing that he consumed alcohol and marijuana on June 15, 2023. As for the cocaine, he advised that he consumed alcohol which may have had cocaine-based pills in the drink. The specimen was sent to the national lab for confirmation and was confirmed positive for both marijuana and cocaine. On September 25, 2023, Defendant submitted another urine specimen at Addiction Recovery Center, Lewisville, Texas, which tested positive for marijuana. He admitted in writing to using marijuana. The specimen was sent to the national lab and was confirmed positive. On October 6, 2023, Defendant submitted another urine specimen at Addiction Recovery Center, Lewisville, Texas, which tested positive for marijuana. Defendant denied it was new use. The specimen was sent to the national lab and was confirmed positive. On October 10, 2023, Defendant submitted another urine specimen at Addiction Recover Center, Lewisville, Texas, which tested positive for marijuana. Defendant advised it was not new use and stated the results were residual. The specimen was sent to the national lab and was confirmed positive. On October 17, 2023, the U.S. Probation Office

received an Interpretation Report from Alere Toxicology confirming Defendant reused marijuana or a product containing Delta-9 THC after September 25, 2023, and prior to the collection on October 6, 2023. Defendant also reused marijuana or a product containing Delta-9 THC after October 6, 2023, and prior to the collection on October 10, 2023; (2) On June 13, 2023, during an office visit, the U.S. Probation Office provided Defendant with the instructions on how and when he must report monthly. For the months of August, September, October, and November 2023, Defendant failed to submit an electronic monthly supervision report by the 5th day of each month; (3) On October 19, 2023, the U.S. Probation Office attempted an unannounced home visit with Defendant. However, the U.S. Probation Office was notified that Defendant had been staying with his girlfriend in Dallas, Texas, within the Northern District of Texas, for a week at a time. The U.S. Probation Office advised Defendant that if he wanted to travel to the Northern District overnight, he needed to obtain permission from the Probation Officer. On December 2, 2023, the U.S. Probation Office attempted an unannounced home visit with Defendant. However, the U.S. Probation Office was again notified that Defendant was staying at his girlfriend's residence in Garland, Texas. He did not have permission to be in the Northern District of Texas; (4) Defendant was advised on several occasions to contact MHMR in Denton County to assist him with resuming a mental health medication regimen since he previously admitted he was using drugs to self-medicate. However, Defendant failed to contact MHMR as directed. Additionally, the U.S. Probation Office again advised Defendant that if he wanted to stay with his girlfriend, he need to obtain permission from the U.S. Probation Office. However, he failed to request permission from the U.S. Probation Office and still traveled outside the Eastern District of Texas without permission; (5) On August 8, 2023, Well Culture Counseling in Denton, Texas performed a mental health assessment on Defendant. The provider stated the results were invalid and uninterpretable

due to inconsistent responses and failure to answer all questions. As such, Defendant did not participate as directed. Defendant admitted, on several occasions, that he did not take previously prescribed mental health medication because he does not like the way they make him feel. Instead, he has resorted to using marijuana. Defendant has also refused to contact MHMR to obtain a new medication regimen; and (6) On September 16, 2023, October 21, 2023, and November 2, 2023, Defendant failed to report for a drug test at Addiction Recovery Center in Lewisville, Texas as directed by the random drug testing program. (Dkt. #2 at pp. 1–4, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations #1 through #6 of the Petition. Having considered the Petition and the plea of true to allegations #1 through #6, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

### RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of eight (8) months, with a term of twenty-four (24) months supervised release to follow.

The court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 30th day of May, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE