IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL ACTION NO. 4:23-CR-00266- |
| | § ALM-BD |
| MICHAEL DESHUN HOLLAND, JR (1) | § |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Michael Deshun Holland, Jr.'s ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on August 19, 2025, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by Stevan Buys.

Defendant was sentenced on June 5, 2017, before The Honorable Sam A. Lindsay of the Northern District of Texas after pleading guilty to the offense of Count 1: Conspiracy to Interfere with Commerce by Robbery, a Class C felony and Count 4: Using, Carrying, Brandishing and Discharging a Firearm during and in relation to a crime of Violence, a class A Felony. Count 1 carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of I, was 87 to 108 months. Count 4 carried a statutory maximum imprisonment term of Life and must be imposed consecutive to any other counts. The guideline imprisonment range, based on a total offense level of 29 and criminal history category of I, was a 10 year mandatory minimum term required by statute. Defendant was subsequently sentenced to 100 months imprisonment as to Count 1 and 120 months imprisonment as to Count 4, to run consecutively, for a total term of 220 months imprisonment, followed by a 3-year term of supervised release as to both counts to run concurrently subject to

REPORT AND RECOMMENDATION – Page 1

the standard conditions of release, plus special conditions to include substance abuse testing and treatment, mental health treatment, financial disclosure, $100 special assessment fee, and $715.00 in restitution. On April 9, 2021, the sentence was amended, pursuant to the Defendant's Motion to Vacate, Set Aside, or Correct Sentence, with respect to Count 4 of the indictment, Using, Carrying, Brandishing, and Discharging a Firearm during and in Relation to a crime of Violence, 18 U.S.C. § 924 (c)(1)(A)(iii), to 108 months imprisonment followed by a 2-year term of supervised release. On June 9, 2023, Defendant completed his period of imprisonment and began service of the supervision term. Jurisdiction of this case was transferred to the Eastern District of Texas on April 26, 2023, and the case was reassigned to The Honorable U.S. Chief District Judge Amos L. Mazzant, III. On May 31, 2024, the term of supervised release was revoked, and Defendant was sentenced to 8 months imprisonment followed by a 24-month term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; substance abuse testing and treatment, mental health treatment, alcohol abstinence, and 100 hours of community service. Defendant began his new term of supervised release on November 24, 2024.

On July 28, 2025, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. #29, Sealed). The First Amended Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) <u>Mandatory Condition</u> Defendant shall not commit another federal, state, or local crime; (2) <u>Special Condition</u> Defendant is to be placed on home detention for a period of 90 days, to commence immediately. During this time, Defendant must remain at his place of residence except for employment and other activities approved in advance by the United States Probation Officer. Defendant must maintain a telephone at his place of residence without call forwarding, a modem, Caller I.D., call waiting, or portable cordless telephones for the above period. At the direction of

REPORT AND RECOMMENDATION – Page 2

the probation officer, Defendant must wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. Defendant is to pay the cost associated with the electronic monitoring program; (3) <u>Special Condition</u> Defendant must not possess or consume alcoholic beverages; (4) <u>Mandatory Condition</u> Defendant must refrain from any unlawful use of a controlled substance; and (5) <u>Special Condition</u> Defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing. (Dkt. #29 at pp. 1–3, Sealed).

The First Amended Petition alleges that Defendant committed the following acts: (1) On June 28, 2025, Defendant committed the offense of Assault Causing Bodily Injury-Family Member in Lewisville, Denton County Texas. According to the Lewisville Police Department incident report, officers were dispatched to Defendant's residence for a reported disturbance. The caller stated the family members retreated to a separate room and locked themselves inside to avoid confrontation with Defendant. The victim stated Defendant is a dangerous individual and was intoxicated. She added that Defendant had been in an argument with a female who left the residence. Afterward, Defendant continued to yell and curse at the other occupants in the residence. The victim stated that Defendant forcibly kicked open his sister's room and proceeded to her room where he kicked the door with enough force to break the frame. She stated that Defendant grabbed her phone and threw it at a bathroom door, causing a hole in the surface. She stood up from her bed, and Defendant pushed her into a dresser. In response, she used a curtain rod to strike Defendant in the head in an effort to protect herself. She stated that Defendant then tackled her to the ground and bit her left breast, causing visible injury and pain. Due to the sensitive location of

the injury, she declined to show it directly but had an individual take a photograph, which was reviewed. The image showed clear teeth marks and broken skin with a small amount of bleeding. The victim's shirt was bloodstained as well. At the time of the writing of the First Amended Petition, the case remained pending and no formal charges had been filed; (2) On April 30, 2025, Defendant was placed on home detention and required to wear an electronic monitoring device. Defendant signed an agreement on that date to wear the device, to not remove or tamper with the device, and to remain at his approved residence at all times except for preapproved activities. On June 28, 2025, a Proximity Tamper and a Strap Tamper alert were received by the probation office indicating the device had been tampered with. The probation office tried calling Defendant; however, after announcing who they were, Defendant hung up. Text messages were sent to Defendant as well, announcing the identity of the probation officer and that Defendant needed to call back. The probation office's phone indicated the message was read; however, Defendant failed to return the phone call. The probation office was able to speak with Defendant's mother, Jennean Holland, with whom Defendant resides, and she stated that Defendant had left the residence around the time the probation office got the alerts, and Defendant's whereabouts were unknown. Defendant did not have approval to leave the residence on that date, and as of the writing of the First Amended Petition, Defendant's whereabouts were unknown; (3) According to Defendant's mother, Defendant was drinking that morning and was intoxicated. Defendant began arguing with a female friend who was at the house. During the argument, Defendant stated he hated all women, ransacked every room in the house, and then left; (4) On March 21, 2025, Defendant submitted a urine specimen that tested positive for the use of marijuana and methamphetamine. Confirmation testing from Abbott Laboratories confirmed said use. On April 21, 2025, Defendant submitted a urine specimen that tested positive for the use of methamphetamine. Confirmation testing from

Abbott Laboratories confirmed said use; and (5) On March 6, 2025, Defendant was instructed to provide a urine specimen for testing. Defendant stated he could not go and would not wait around for the day and would take a stall for the day. Senior United States Probation Officer Shruti Bhakta asked if Defendant was sure, and he stated he was as he urinated right before and would be unable to urinate again. Senior United States Probation Officer Bhakta stated that Defendant could obtain some water and could wait. Defendant stated he did not want to wait and left. As such, Defendant failed to participate in drug testing. On March 8, 2025, Defendant failed to report as instructed to McCary Counseling in Denton, Texas and submit a urine specimen for testing as part of the U.S. Probation Office's random drug testing program. (Dkt. #29 at pp. 1–3, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 2 and 4 in the First Amended Petition. Having considered the First Amended Petition and the plea of true to allegations 2 and 4, the court finds that Defendant did violate his conditions of supervised release.

The Government moved to dismiss allegations 1, 3, and 5 of the First Amended Petition.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of ten (10) months, with no term of supervised release to follow.

The court further recommends that the Government's Motion to Dismiss allegations 1, 3, and 5 of the First Amended Petition be granted.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 19th day of August, 2025.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE